UNITED STATES v. TWO SOAKING UNITS AND VARIOUS OTHER ARTICLES (EXCELSIOR BREWING, Inc., et al., Claimants).

No. 271.

Circuit Court of Appeals, Second Circuit. March 9, 1931.

Before L. HAND, CHASE, and MACK, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It has been agreed by the parties that the libel is sufficient as a pleading, and no question is raised as to the seizure having been made by the Prohibition Administrator instead of by a collector or deputy collector. We are, therefore, faced with the issue of whether or not any federal officers had the lawful right to seize the property.

■ It is plain that there could be no seizure of real estate. Apparently there was none, but we need not now inquire further into that, for the attachment under the libel will not be vacated as to any property lawfully seized simply because other property may have been seized unlawfully at the same time. McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556; Quandt Brewery Co., Inc., et al. v. United States, 47 F.(2d) 199.

■ When the beer and other personal property was seized on August 9th, it was known that the garage on De Kalb avenue contained beer barrels and all the necessary apparatus for filling those barrels with beer. It was known that that garage was so constructed as to permit whatever was done inside it to be done secretly. It was known that the rather elaborate precautions to hide the interior from view from the outside were not ordinarily resorted to in the construction of garages. It was known that beer had been in the pipe found in the drain in the floor and that beer had been in the racking machine. It was known that the pipe in the drain led to the drain in the Pulaski street garage. It was known that two quarts of illegal beer had been drawn from a faucet in the Pulaski street garage and that the pipe ran under the pavement in the street across to, or at least just outside, the brewery premises, and appeared to run into those premises. It was known that with simple hose connections all these pipes could be made one. It was known that beer was being manufactured in the brewery and that there was a supply of beer in the vats there. All this was certainly enough to lead a reasonable man of ordinary judgment to the conclusion that beer of an unlawful alcoholic content was kept in those vats in the possession of the Excelsior Brewery, Inc., "for the purpose of being sold or removed by him [Excelsior Brewery Inc.] in fraud of the internal-revenue laws, or with design to avoid payment of said taxes," in

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, J. Bertram Wegman, and Emanuel Bublick, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

Louis J. Castellano, of Brooklyn, N. Y., for appellees.

violation of section 3453 of the Revised Statutes. These facts and circumstances were so clearly sufficient to warrant a seizure of the property of the kind enumerated in the statute that it seems idle to urge the contrary, and we have no hesitation in holding that there was then reasonable cause to believe that this property was possessed in violation of the statute and so could lawfully be seized. Nor was it necessary to obtain a search warrant. The premises in which the property was kept were the brewery buildings of a permittee empowered to manufacture cereal beverages according to the terms of its permit. The officers were entitled to inspect such premises. They had entered lawfully with the knowledge and consent of the owner, and, having so entered, seized the property found in possession of such owner in violation of law and subject to seizure under the above-quoted statute. It is a mistake to assume that, when premises have lawfully been entered, a search and seizure that is reasonable must always be under a search warrant. Hilsinger et al. v. United States (C. C. A.) 2 F.(2d) 241. When the officers had the permission of the owner to enter and inspect the premises, no entry invito domino by virtue of a search warrant was necessary to accomplish, or would have added to the legality of, whatever seizure they made. United States v. Old Dominion Warehouse, Inc., 10 F.(2d) 736 (C. C. A. 2).

The search of the premises, made after lawful entry and seizure of personal property but without a search warrant, to disclose just how the beer the officers were then morally certain was being withdrawn unlawfully was piped from the vats to the garages is said to have been contrary to law. It is undisputed that the pipe with which beer was so withdrawn was so cleverly hidden that it took days to trace it to the vats. It is also undisputed that no unnecessary damage was done while the search to do that was made. Such a withdrawal of beer was in violation of the terms of the permit under which the brewery was operated. An adequate inspection of the premises of this permittee required whatever investigation by way of such a search as would disclose the actual facts to show how the permittee was conducting its business to enable the inspector to determine whether or not the terms of the permit were being violated. A preliminary inspection having proceeded to the point where seizure was justified under section 3453, Rev. St., and a seizure having been made, the inspection was completed. As the right to inspect

must include the right to make such reasonable investigation in the premises of a permittee of the manner in which the permitted business is conducted as will uncover the truth about it, it is unnecessary to inquire whether or not the search that did this without needless damage was lawful upon any other ground.

Decree reversed.