## RISING SUN BREWING CO. v. UNITED STATES.

### No. 4655.

Circuit Court of Appeals, Third Circuit.
Jan. 22, 1932.

John A. Matthews, of Newark, N. J. (Merritt Lane, of Newark, N. J., of counsel), for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Samuel Cohen, of Newark, N. J., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

In this case, a search warrant was issued by the United States commissioner, authorizing the search of the Rising Sun Brewery at Elizabeth, N. J. Thereafter, the brewery was searched and seized. A motion to suppress, in the form of a petition in equity, was filed, argued, and a decision rendered, upholding the search warrant. From this order an appeal was allowed, the court holding it had no discretion, and the question of the appealability of the order being for the Circuit Court of Appeals to decide. It was argued that the order upholding the search warrant was, in fact, an order in an independent proceeding, and therefore final and appealable. While in form a petition in equity in a separate suit, it was treated

by the appellant, by the court, and the appellee, as a motion to quash the search warrant, and as a step in the injunction and libel suits before the court.

It is conceded that the only purpose of these proceedings is to quash the search warrant, so that evidence cannot be used in the padlock and libel proceedings. The appellee insists that the brewing company being a party to the two pending suits, the order refusing to quash the search warrant, being an order in those suits, was interlocutory, and therefore not appealable. They say that since we have arrived at this step of the proceedings, and the delay in presenting the libel and injunction proceedings has already occurred, they request that the appeal be decided.

An affidavit to support the search warrant was made by Gaskins and Young, prohibition agents. They aver that they have good reason to believe, and do believe, that in and upon certain premises in New Jersey, viz., a large brick building, known as the Rising Sun Brewery, located at 700 Marshall street, Elizabeth, Union county, N. J., being on the corner of Marshall street and Seventh street, and consisting of from two to five stories, being one building, a big time clock on the tower on the Seventh street side, and the figures "1895" on the building on the Seventh street side, the building extending on Marshall street from Seventh street to a driveway which opens on Marshall street, there have been, and are now located and concealed, intoxicating liquors (or property designed for the manufacture of intoxicating liquors), which said liquors or property are being sold, manufactured, or possessed for beverage purposes in violation of the National Prohibition Act (27 USCA). They then set forth certain facts tending to establish grounds of the application, and the probable cause of affiants' believing that such facts exist. These facts, among others, are set forth:

That on the 18th of September, 1930, at about 3:35 o'clock p. m., they visited the premises, and while on Marshall street, adjoining the brewery, they detected a strong odor of beer brewing, emanating from the premises. That a short time afterwards, they drove around the premises the second time, and again detected a strong odor of beer brewing, emanating from the premises; that they have long been in service as prohibition agents, and are familiar with the odor of brewing beer; that at this time, affiants saw men in working clothes going and coming from the brewery; that Gaskins saw smoke rising from the smokestacks, and both saw steam coming out of said premises at the top of the building from two different pipes, one on the Marshall street side and the other on the Seventh street side; that a man giving his name as George Blue told Young that he was in charge of the brewery, but refused admission to him after being told that he had no search warrant. They aver that the Rising Sun Brewery is not a permit brewery and has no legal right to be engaged in the brewing of beer; that affiants well knew the odors of brewing beer, and could not be mistaken, and the odors smelled could not have been occasioned in any other way. They therefore pray for the issuance of a search warrant.

On this affidavit, a search warrant was issued, being served on September 19, 1930. By making search, as within directed, with the assistance of certain persons, as set forth in considerable detail, the property was found and duly inventoried. Many exceptions and objections to the affidavit and search warrant, as made and issued, have been filed by the appellant. Most of these are technical, and we are not convinced that they are sufficient in character to render the search illegal. But it is urged with much force that the search warrant was extended beyond the premises described in the warrant, and that the agents failed to bring the property before the commissioner, but after seizure the same remained at the premises, thus invalidating the warrant. If the premises across the street was searched, as is alleged, such search and seizure would be illegal, as neither the premises searched, nor the property to be seized, is described in any search warrant. The real question, however, is whether this second illegal search and seizure invalidates the search and seizure which preceded, and which was legally made. Judge Avis based his decision largely on the decision in the case of McGuire & Co. v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556. In that case, in an opinion by Mr. Justice Stone, where the question is carefully considered, it was held that although officers, in exercising a search warrant, exceeded their authority, they did not lose the protection and authority conferred upon them by the search warrant as to property legally seized thereunder. It was also held that evidence obtained legally under the search warrant should not be suppressed. In Quandt Brewing Co. v. United States (C. C. A.) 47 F.(2d) 199, 201, it was claimed

that the agents searched and seized not only the premises described in the affidavit and warrant, but premises adjoining those described. The court held: "The warrant confined the search to adequately described premises and for property described as specifically as the circumstances required. Steele v. United States, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757. Nor was the search unlawful in respect to the property seized within the scope of the warrant because the officers who executed it exceeded their authority as to other property. McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556. Consequently we hold the search warrant valid."

In United States v. Two Soaking Units (C. C. A.) 48 F.(2d) 107, 109, the court reiterated the principle as follows: "It is plain that there could be no seizure of real estate. Apparently there was none, but we need not now inquire further into that, for the attachment under the libel will not be vacated as to any property lawfully seized simply because other property may have been seized unlawfully at the same time. [Citing cases.]"

Other cases to the same effect might be cited.

The order of court is affirmed.