STATE OF NORTH CAROLINA v. PHILLIP JOSEPH TRAVATELLO

No. 7419SC926

(Filed 5 February 1975)

1. Searches and Seizures § 3— search warrant — sufficiency of affidavit

An officer's affidavit concerning a crowbar identified as a tool used in the break-in of a drug company and found in defendant's truck and stating that defendant had been charged with the offense was sufficient to support a magistrate's finding of probable cause for issuance of a warrant to search defendant's vehicle and premises for property missing from the drug company.

2. Searches and Seizures § 4— warrant to search premises — search of tool shed

Scope of a warrant to search defendant's premises was not exceeded by search of a tool shed as well as the house itself.

3. Criminal Law § 76— confession — influence of drugs — findings supported by evidence

Trial court's finding that defendant was not under the influence of drugs when he confessed to police was supported by an officer's testimony that, knowing defendant had used drugs in the past, officers specifically asked whether he was ill or under the influence of drugs, and that defendant replied that he was not and signed a waiver of his rights.

4. Criminal Law § 119— failure to give requested instructions

The trial court did not err in failing to give requested instructions where the court gave such instructions in substance.

APPEAL by defendant from *Crissman, Judge,* 20 May 1974 Session of Superior Court held in CABARRUS County. Heard in the Court of Appeals 21 January 1975.

Defendant was tried on an indictment charging him with feloniously breaking and entering a building occupied by Moose Drug Company in Mt. Pleasant on 27 January 1974 and with larceny and receiving of hypodermic syringes, syringe needles, and miscellaneous controlled drugs valued at $232.00.

Witnesses for the State testified that pursuant to a warrant law enforcement officers conducted a search and found on defendant's premises a quantity of drugs and other items fitting the description of property reported missing after a break-in at Moose Drug Company. Over defendant's objection and motion to suppress, the items were introduced in evidence. The State also introduced testimony concerning defendant's in-custody statement that he went to the rear of Moose Drug Company on the night of 27 January 1974 and, standing on some milk crates, opened a window and entered the building. He remembered taking drugs, film, syringes, needles and other items. Defendant's motion to suppress this evidence was also overruled. His only evidence was his testimony denying that he broke into Moose Drug Company and asserting that he was under the influence of narcotics at the time of his arrest.

He submitted a request for numerous instructions, all of which were denied, and the jury found him guilty as charged. From judgment imposing a prison sentence, defendant appealed to this Court.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Thomas K. Spence for defendant appellant.*

ARNOLD, Judge.

Defendant assigns as error the trial court's denial of his motions to suppress evidence. Upon each motion the court conducted a *voir dire* hearing and concluded that the evidence was admissible. We agree.

[1, 2] A search warrant will be presumed regular if no irregularity appears on the face of the record. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1971). Attached to the warrant was the affidavit of Officer D. C. Frey of the Albemarle Police Department. Among other things set forth was the affiant's familiarity with the investigation of a breaking and entering at Phillips Drug Company on 24 December 1973, information concerning a crowbar identified as a tool used in that break-in and found in defendant's truck, and the fact that defendant had been charged with the offense. This affidavit was clearly adequate to support an issuing magistrate's independent finding of probable cause to authorize a search of defendant's vehicle and premises for property missing from Phillips Drug Company.

State v. Travatello

The search of defendant's premises did not exceed the scope of the warrant by including a tool shed as well as the house itself. *See State v. Reid,* 286 N.C. 323, 210 S.E. 2d 422 (1974). While conducting a lawful search, officers found in plain view property identified as that reported missing from Moose Drug Company. These items were lawfully seized, *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974), and the motion to suppress was properly denied.

[3] Defendant contends that his confessison was inadmissible because he was under the influence of drugs when taken into custody. In determining whether an in-custody statement is voluntarily and understandingly made, the trial court's findings of fact are conclusive on appeal if supported by competent evidence. *State v. Haskins,* 278 N.C. 52, 178 S.E. 2d 610 (1970); *State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37 (1970); *State v. Wright,* 275 N.C. 242, 166 S.E. 2d 681, *cert. denied* 396 U.S. 934 (1969). The trial court found that defendant was fully apprised of his rights to counsel and to remain silent, that he said he understood them, that he did not appear to be under the influence of drugs, and that he knew what he was doing. These findings were supported by the testimony of Officer J. G. Berrier which shows that defendant was given full warnings required by *Miranda v. Arizona,* 384 U.S. 436 (1966), and that the officers, knowing defendant had used drugs in the past, specifically asked whether he was ill or under the influence of drugs at the time. Defendant replied that he was not and signed a waiver of his rights. The trial court ruled correctly that his subsequent confession was admissible. *See State v. Lock,* 284 N.C. 182, 200 S.E. 2d 49 (1973); *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208 (1972).

[4] Defendant's contention that the trial court erred by failing to give requested instructions is without merit. Defendant submitted an exhaustive list of definitions which was repetitious at best. It is sufficient that the court gave the requested instructions in substance. *State v. Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973); *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968); *State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165 (1961). It is our opinion that the charge is adequate in all respects. The evidence against defendant was strong and convincing and more than sufficient to support the verdict.

No error.

Judges VAUGHN and MARTIN concur.