STATE OF NORTH CAROLINA v. DOUGLAS MARK POCZONTEK

No. 872SC1031

(Filed 7 June 1988)

**Searches and Seizures § 11— possession of marijuana and drug paraphernalia— search of vehicle unreasonable**

The trial court erred in a prosecution for misdemeanor possession of marijuana and possession of drug paraphernalia by denying defendant's motion to suppress the marijuana and drug paraphernalia where an informant told a highway patrolman that defendant usually used marijuana while driving away from a grocery store after work; the trooper waited for defendant to leave work and stopped him after seeing defendant's car cross the highway center line twice; defendant got out of his car and walked to that of the trooper, who neither saw nor smelled anything to indicate that defendant had consumed any alcohol or used any marijuana or was impaired in any way; while defendant was getting his registration card from his car, the trooper saw an open beer can and a hammer on the floorboard near the driver's seat; the

trooper then opened the car door, bent over to get the open beer can, and saw a large ziplock bag of clear plastic under the driver's seat; he found inside the bag a ceramic pipe, rolling papers, and a small amount of marijuana; and he then searched the interior and trunk of the car and found some burned marijuana and roaches in the ashtray and some marijuana seeds and residue in the trunk. The trooper had no probable cause for searching defendant's vehicle because the informant had not told the trooper that defendant had marijuana and drug paraphernalia in the car, defendant had no odor of marijuana or alcohol about him and was not impaired, and, although there was an open beer can in the passenger portion of the car, there was no indication at all that defendant had consumed any beer that evening.

APPEAL by defendant from *Winberry, Judge.* Order entered 31 July 1987 in Superior Court, MARTIN County. Heard in the Court of Appeals 5 April 1988.

*Attorney General Thornburg, by Assistant Attorney General Sueanna P. Peeler, for the State.*

*Gaskins & Gaskins, by Herman E. Gaskins, Jr. and Darrell B. Cayton, Jr., for defendant appellant.*

PHILLIPS, Judge.

Reserving his right to maintain on appeal that the evidence used against him should have been suppressed because it was obtained through an unreasonable search and seizure, defendant pled guilty to misdemeanor possession of marijuana pursuant to G.S. 90-95(d)(4) and possession of drug paraphernalia pursuant to G.S. 90-113.22. The evidence with respect thereto was to the following effect:

About two weeks earlier State Highway Patrolman B. R. Owens was told by an informant that defendant, an assistant manager of a Williamston grocery store, usually used marijuana while driving away from the store after work. On the night involved Trooper Owens was waiting in his car for defendant to leave work and before then he had checked the license plate on defendant's car with the Department of Motor Vehicles and was told that the car was improperly registered. When defendant drove away from the store Trooper Owens followed and stopped him on U.S. Highway 17 near the town limits after seeing defendant's car cross the highway center line twice. Defendant got out of his car and walked to that of the trooper, who neither saw nor smelled

anything to indicate that defendant had consumed any alcohol or used any marijuana or was impaired in any way. The trooper examined defendant's driver's license, found it to be in order, and told him to get his registration card from the car. While defendant was in his car getting the card, which was also found to be in order, Trooper Owens saw an open beer can and a clawed hammer on the floorboard near the driver's seat. After defendant got out of the car he stood in back of it at the trooper's direction; the trooper then opened the car door, bent over to get the opened beer can, and saw a large ziplock bag of clear plastic under the driver's seat, and inside the bag he saw a small, clear plastic bag which in his opinion contained marijuana. He opened the bag and found, *inter alia*, a ceramic pipe, rolling papers, and a small amount of marijuana. He then searched the interior and trunk of the car and found some burned marijuana and roaches in the ashtray and some marijuana seeds and residue in the trunk.

An officer may search an automobile without a warrant if he has probable cause to believe the vehicle contains contraband, *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925); *State v. Isleib*, 319 N.C. 634, 356 S.E. 2d 573 (1987); and he has probable cause if based upon the totality of the circumstances known to him "he believes there is a 'fair probability that contraband or evidence of a crime will be found' therein." *State v. Ford*, 70 N.C. App. 244, 247, 318 S.E. 2d 914, 916 (1984), *quoting Illinois v. Gates*, 462 U.S. 213, 76 L.Ed. 2d 527, 103 S.Ct. 2317 (1983). In forming his belief the officer "may rely upon information received through an informant . . . so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Jones v. United States*, 362 U.S. 257, 269, 4 L.Ed. 2d 697, 707, 80 S.Ct. 725, 735 (1960), *cert. dismissed*, 368 U.S. 801, 7 L.Ed. 2d 15, 82 S.Ct. 20 (1961), *overruled on other grounds, United States v. Salvucci*, 448 U.S. 83, 65 L.Ed. 2d 619, 100 S.Ct. 2547 (1980). In this case, however, the trooper had no probable cause for searching defendant's vehicle; because while the informant had described defendant's vehicle and told the officer where defendant worked, the time he got off from work and that he used marijuana in the parking lot after work, he had not told him that defendant had marijuana and drug paraphernalia in the car. Nor was the officer's suspicion that defendant possessed a controlled substance corroborated by anything that he knew or observed af-

ter he stopped defendant; for, as he testified, defendant had no odor of marijuana or alcohol about him and was not impaired. Nor was the evidence legally seizable and admissible under "the plain view" doctrine, because the officer was not legitimately in the place where he viewed the items. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh'g denied,* 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971). Before the search was made the officer had no legitimate reason to look into defendant's car, as he was not in the process of arresting defendant and had no basis for suspecting him of being impaired, or of smoking marijuana or consuming alcohol while driving the car, or of violating any other law. Nor did the open beer can in the passenger portion of the car justify the search that was made, as it is the *consumption* of malt beverages in the passenger area of a vehicle *while driving it* that G.S. 18B-401(a) forbids, not possession or transportation, and there was no indication at all that defendant had consumed any beer that evening, either while driving his car under the officer's surveillance or earlier. If anything, since defendant had no odor of alcohol about him, the indication was that he had not consumed beer that evening. Thus, the officer's entry into defendant's car to get the can was unwarranted, the articles obtained from it were the result of an unreasonable search and seizure, *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970), and defendant's motion to suppress the evidence should have been granted. Defendant's conviction must be and is vacated.

Vacated.

Chief Judge HEDRICK and Judge EAGLES concur.