STATE OF NORTH CAROLINA v. TONY JOHNSON

No. COA05-758

(Filed 4 April 2006)

**Search and Seizure— vehicle—motion to suppress—drugs—
objective reasonableness test**

The trial court erred in a trafficking in cocaine, conspiracy, possession with intent to sell and deliver cocaine, and possession of drug paraphernalia case by denying defendant's motion to suppress evidence seized pursuant to a search of his vehicle where a plastic wall panel was removed by a law enforcement officer from the interior of defendant's van, thereby facilitating discovery of cocaine, because: (1) applying the test of objective reasonableness, neither the officer nor defendant could reasonably have interpreted defendant's general statement of consent to include the intentional infliction of damage to the vehicle; (2) although an individual consenting to a vehicle search should expect that search to be thorough, he need not anticipate that the search will involve the destruction of his vehicle, its parts or contents; (3) unless an individual specifically consents to police conduct that exceeds the reasonable bounds of a general statement of consent, that portion of the search is impermissible; (4) the trial court's findings do not address, nor does the testimony of the officer reveal, the presence of probable cause necessary to extend the scope of the instant search beyond the limitation of reasonableness; (5) save for the search itself, no evidence nor any finding of fact suggested the officer suspected the van contained contraband or that defendant was involved in any criminal conduct; (6) taking the presence of inappropriate or out of place glue as the totality of the circumstances, that solitary factor standing alone was wholly inadequate and insufficient to establish probable cause justifying search beyond the reasonable scope of defendant's consent; and (7) the alterations to the vehicle must be such that an officer may reasonably believe a crime is being committed, and the officer must go beyond the inarticulable hunch that all customized vehicles contain hidden compartments and point to specific factors which justify the objectively reasonable conclusion that particular alterations indicate a hidden compartment which may contain contraband.

Appeal by defendant from order entered 26 October 2004, *nunc pro tunc* 11 October 2004, by Judge Robert F. Floyd, Jr., in Robeson County Superior Court. Heard in the Court of Appeals 25 January 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's denial of his motion to suppress evidence seized pursuant to a search of his motor vehicle. Defendant argues, *inter alia,* the search was unconstitutional because it exceeded the reasonable scope of any valid consent and therefore constituted a warrantless search without probable cause. We agree.

On 13 August 2003, Detective Steven Ray Lovin (Lovin) of the Robeson County Sheriff's Department stopped defendant's Plymouth Voyager van because the license plate was partially obscured. Detaining defendant in his patrol vehicle, Lovin wrote a warning ticket, returned defendant's license and registration, and indicated defendant was free to leave. Notwithstanding, Lovin then inquired if he could ask defendant "a few questions," whereupon defendant resumed his seat in the patrol vehicle. Lovin described "a lot of problems on Interstate 95, people transporting illegal guns and drugs, large sums of money exceeding $10,000, drugs like cocaine, marijuana, things like that." Lovin then asked defendant if he had "anything like that in his vehicle." Defendant replied "no" several times. At that point Lovin asked if it was "alright with [defendant] if we search the van"? Lovin testified defendant responded "yeah." Lovin and Deputy Sheriff James Hunt (Hunt) then proceeded to search the vehicle. The officers discovered approximately ten kilograms of cocaine as a result of the search.

In his testimony, Lovin acknowledged the cocaine was "not in plain view," and described the process of locating it as follows:

On the inside wall on the passenger's side where the door slides open, when that door slides open, there is a wheel well, the hump, and there is the whole entire wall. There is a piece of rubber that comes down that wall. It's glued there. It shouldn't be. If

you pull that glue off, or if you pull that piece of rubber off, there is a piece of plastic for the inside wall. If you pull that piece of plastic back, you can look down inside there and see into the wall, the actual outer wall and the inner wall of the vehicle. There's two. If you're sitting in the back seat and look, and here is the wall, the plastic gray that you would normally see. Okay? Between this wall and the outer wall, which is the metal part of the vehicle, is where the kilos were at on that one side, as well as the passenger's side.

Lovin further indicated he was unable to say whether Hunt used a tool or whether he "was able to pull things apart with his hands to see inside the door."

Prior to trial, defendant moved to suppress the evidence. Following a hearing, the motion was denied. Defendant subsequently pled guilty pursuant to a plea agreement to two counts of trafficking in cocaine, one count of conspiracy, one count of possession with intent to sell and deliver cocaine, and one count of possession of drug paraphernalia. The convictions were consolidated for judgment and defendant was sentenced to a 175 to 219 months active term of imprisonment. Pursuant to N.C.G.S. § 15A-919(b) (1979), defendant expressly reserved his right to appeal the denial of his motion to suppress.

"The scope of review on appeal of the denial of a defendant's motion to suppress is strictly limited to determining whether the trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and in turn, whether those findings support the trial court's conclusions of law." *State v. Corpening*, 109 N.C. App. 586, 587-88, 427 S.E.2d 892, 893 (1993) (citations omitted). "Generally, the Fourth Amendment and article I, § 20 of the North Carolina Constitution require issuance of a warrant based on probable cause for searches. However, our courts recognize an exception to this rule when the search is based on the consent of the detainee." *State v. Jones*, 96 N.C. App. 389, 397, 386 S.E.2d 217, 222 (1989) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 858 (1973), *appeal dismissed and disc. review denied*, 326 N.C. 366, 389 S.E.2d 809 (1990); *State v. Belk*, 268 N.C. 320, 322, 150 S.E.2d 481, 483 (1966)). "The scope of the search can be no broader than the scope of the consent." *Id.* (citing *United States v. Ross*, 456 U.S. 798, 821, 72 L. Ed. 2d 572, 591 (1982)). In the case *sub judice*, the trial court concluded the search of defendant's vehicle

STATE v. JOHNSON

[177 N.C. App. 122 (2006)]

was consensual, but made no determination as to whether that consent was limited. Assuming without deciding that the trial court's characterization of the search as consensual was proper, we first discuss defendant's contention that the search at issue exceeded the reasonable scope of defendant's consent.

"When an individual gives a general statement of consent without express limitations, the scope of a permissible search is not limitless. Rather it is constrained by the bounds of reasonableness . . . ." *United States v. Strickland*, 902 F.2d 937, 941 (11th Cir. 1990). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 114 L. Ed. 2d 297, 302 (1991) (citations omitted); *see also United States v. Urbina*, 431 F.3d 305, 310 (8th Cir. 2005) ("We measure the scope of consent under the Fourth Amendment using a standard of objective reasonableness, considering what an objectively reasonable person would have understood the consent to include.") (citing *United States v. Fleck*, 413 F.3d 883, 892 (8th Cir. 2005)).

In the instant case, a plastic wall panel was removed by a law enforcement officer from the interior of defendant's van, thereby facilitating discovery of the cocaine. Applying the test of "objective reasonableness," *Florida v. Jimeno*, 500 U.S. at 251, 114 L. Ed. 2d at 302, to this circumstance, we hold neither Lovin nor defendant could reasonably have interpreted defendant's general statement of consent "to include the intentional infliction of damage to the vehicle. . . ." *Strickland*, 902 F.2d at 941-42.

"Although an individual consenting to a vehicle search should expect that search to be thorough, he need not anticipate that the search will involve the destruction of his vehicle, its parts or contents." *Id.* at 942; *see also United States v. Garcia*, 897 F.2d 1413, 1419-20 (7th Cir. 1990) (opening of door panels during search "is inherently invasive" and extends beyond scope of general consent to search); *United States v. Gastellum*, 927 F.Supp. 1386, 1390 (D. Colo. 1996) (searching panels of trunk, removing interior panels that had been fastened with screws, pulling up carpet, and removing seats exceeded permissible scope of consent); *United States v. Orrego-Fernandez*, 78 F.3d 1497, 1505-06 (10th Cir. 1996) (search did not exceed scope of consent where police searched no hidden compartments); *State v. Swanson*, 172 Ariz. 579, 583, 838 P.2d 1340, 1344

(1992), *cert. denied,* 507 U.S. 1006, 123 L. Ed. 2d 270 (1993) (even "unqualified consent to search a vehicle does not give law enforcement officer's [sic] license, absent some further basis, to start ripping or tearing a car apart. This would, in the Court's mind, apply to removing door panels."). Moreover, "[u]nless an individual specifically consents to police conduct that exceeds the reasonable bounds of a general statement of consent, that portion of the search is impermissible." *Strickland,* 902 F.2d at 942 (reasonable person would not understand general consent to search automobile as authorizing slashing of spare tire and investigating its contents).

Notwithstanding,

[i]t is well settled that a vehicle may be searched without either permission or a warrant if there is probable cause to believe that it contains contraband or other evidence which is subject to seizure under law and exigent circumstances necessitate the search or seizure. A vehicle search conducted pursuant to probable cause may include any item and compartment in the car that might contain the object of the search. Moreover, such a search may include some injury to the vehicle or the items within the vehicle, if the damage is reasonably necessary to gain access to a specific location where the officers have probable cause to believe that the object of their search is located.

*Id.* (citations omitted); *see also State v. Poczontek,* 90 N.C. App. 455, 457, 368 S.E.2d 659, 660-61 (1988) ("[a]n officer may search an automobile without a warrant if he has probable cause to believe the vehicle contains contraband, and he has probable cause if based upon the totality of the circumstances known to him 'he believes there is a "fair probability that contraband or evidence of a crime will be found" therein.' ") (citations omitted).

Here, however, the trial court's findings do not address, nor does the testimony of Lovin reveal, the presence of probable cause necessary to extend the scope of the instant search beyond the limitation of reasonableness. The trial court simply found that, "upon inspection of the van, glue was found on one side of the panels which the officer determined was inappropriate or out of place." Lovin's testimony indicated defendant was cooperative and that his appearance seemed normal. Save for the search itself, no evidence nor any finding of fact suggested Lovin suspected the van contained contraband or that defendant was involved in any criminal conduct. Taking the presence of "inappropriate" or "out of place" glue as the "totality of

the circumstances," *see Poczontek*, 90 N.C. App. at 457, 368 S.E.2d at 661, presented herein, we believe that solitary factor, standing alone, to be wholly inadequate and insufficient to establish probable cause justifying search beyond the reasonable scope of defendant's consent. *See Orrego-Fernandez*, 78 F.3d at 1504-05 ("Alterations to vehicles do not automatically create reasonable suspicion. The alterations to the vehicle must be such that a trooper may reasonably believe a crime is being committed. The trooper must go beyond the inarticulable hunch that all customized vehicles contain hidden compartments and point to specific factors which justify the objectively reasonable conclusion that particular alterations indicate a hidden compartment which may contain contraband."). Accordingly, defendant's motion to suppress should have been granted.

Because we conclude on the basis of the foregoing discussion that the trial court erred in denying the motion to suppress, we do not address defendant's remaining assignments of error. The trial court's denial of defendant's motion to suppress is reversed, and this matter is remanded to the trial court for such further proceedings as may be consistent with our opinion herein.

Reversed and remanded.

Judges BRYANT and CALABRIA concur.