STATE OF NORTH CAROLINA v. TIMOTHY BRIAN HAGIN

No. COA09-1092

(Filed 20 April 2010)

**1. Appeal and Error— preservation of issues—failure to argue**

Although defendant assigned error to certain findings of fact made by the trial court, these assignments of error were deemed abandoned under N.C. R. App. P. 28(b)(6) based on his failure to argue them in his brief.

**2. Search and Seizure— outbuilding within curtilage—motion to suppress—consent**

The trial court did not err in a manufacturing methamphetamine case by denying defendant's motion to suppress evidence from the search of an outbuilding within the curtilage of the residence after he consented to a search of his property. The search was within the scope of defendant's consent.

Appeal by defendant from judgment entered 24 March 2009 by Judge Joseph Crosswhite in Anson County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General J. Allen Jernigan, for the State.*

*Kevin P. Bradley for the defendant-appellant.*

STEELMAN, Judge.

The trial court did not err in denying defendant's motion to suppress evidence from the search of an outbuilding within the curtilage of the residence after he consented to a search of his property.

## I. Factual and Procedural Background

Materials were found discarded on the side of Doc Wyatt Road that were consistent with the manufacture of methamphetamine. These materials included mail addressed to defendant's wife at 19 Doc Wyatt Road. On 26 November 2007, Detectives Randy Henry (Detective Henry) and Brian Tice (Detective Tice), as well as Lieutenant Detective Tim Watkins, went to defendant's residence at 19 Doc Wyatt Road to conduct a "knock and talk" to discuss suspected production of methamphetamine.

Defendant and his wife executed a written consent to search. The form permitted a search of "the PERSONAL or REAL PROPERTY located at 19 Doc Wyatt Road, Wadesboro, NC, 28170," described as a "Single wide mobile home, brown in color with a covered wooden porch." Detective Tice informed the Hagins that they could withdraw their consent at any time and began to search the mobile home.

Defendant accompanied the officers as they searched the mobile home. Detectives Tice and Watkins, and defendant, then went outside to the rear of the mobile home. Tice observed a small outbuilding located approximately 15-20 feet from the back porch of the mobile

home. He saw a small exhaust fan in the outbuilding that was positioned to vent the outbuilding. Tice asked defendant about the fan and received no response.

Accompanied by defendant, Detective Tice approached the outbuilding, looked inside, and saw a cardboard box, which contained materials that strongly suggested methamphetamine manufacture. Detective Tice removed the box and questioned defendant about its contents. Defendant became emotional and confessed to operating a methamphetamine lab. At no time did defendant or his wife withdraw their consent to search their real and personal property.

Defendant was indicted and charged with manufacturing methamphetamine. On 18 March 2009, defendant filed a motion to suppress the materials found in the outbuilding. This motion was denied on 23 March 2009. That same date, defendant pled guilty to manufacture of methamphetamine, preserving his right to appeal the denial of his suppression motion. Defendant was sentenced to an active term of imprisonment of 58-79 months.

Defendant appeals.

## II. Denial of Defendant's motion to suppress

In his only argument, defendant contends that the trial court erred in denying his motion to suppress evidence found in the outbuilding. We disagree.

### A. Standard of Review

The standard of review of a trial court's suppression order is limited to "determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). Great deference is accorded the trial judge because the trial court is "entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision." *Id.* at 134, 291 S.E.2d 620. The trial court's findings are conclusive "if supported by any competent evidence even if there is evidence to the contrary that would support different findings." *State v. Hawley*, 54 N.C. App. 293, 297, 283 S.E.2d 387, 390 (1981) (citation omitted), *disc. review denied*, 305 N.C. 305, 291 S.E.2d 152 (1982). If the trial court's findings of fact are supported by competent evidence, this Court then determines whether those factual findings support the trial court's ultimate conclusions of law. *Cooke*, 306 N.C. at 134, 291 S.E.2d at 619.

## B. Findings of Fact

**[1]** While defendant has assigned as error certain of the findings of fact made by the trial court, he does not argue in his brief that any of these findings are unsupported by competent evidence in the record. Rather, he argues that the trial court should have adopted defendant's interpretation of the scope of the consent to search. In the absence of an argument that the trial court's findings are not supported by competent evidence, these assignments of error are deemed abandoned. *Eakes v. Eakes*, —— N.C. App. ——, ——, 669 S.E.2d 891 (2008); N.C. R. App. P. 28(b)(6). Our review is thus limited to whether the trial court's findings of fact support its conclusions of law. *Cooke*, 306 N.C. at 134, S.E.2d at 619.

## C. Conclusions of Law

**[2]** Defendant asserts the trial court erred in concluding that defendant's consent to search encompassed the outbuilding. Defendant contends the search of the outbuilding exceeded the scope of consent, and that search warrant cases construing the scope of a permissible search are not applicable to consent to search cases.

The Fourth Amendment to the United States Constitution and Article I, § 20 of the North Carolina Constitution require the issuance of a warrant supported by probable cause to conduct a search. U.S. Const. amend. IV; N.C. Const. art. I, § 20. North Carolina recognizes consent searches as an exception to the general warrant requirement. *State v. Jones*, 96 N.C. App. 389, 397, 386 S.E.2d 217, 222 (1989) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 858 (1973)), *appeal dismissed and disc. review denied*, 326 N.C. 366, 389 S.E.2d 809 (1990). "The scope of the search can be no broader than the scope of the consent." *State v. Johnson*, 177 N.C. App. 122, 124, 627 S.E.2d 488, 490 (quotations and citations omitted), *vacated in part on other grounds*, 360 N.C. 541, 634 S.E.2d 889 (2006).

The scope of a valid consent search is measured against a standard of objective reasonableness where the court asks "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 114 L. Ed. 2d 297, 302 (1991). "The scope of a search is generally defined by its expressed object." *Jimeno*, 500 U.S. at 251, 114 L. Ed. 2d at 303.

When a search is conducted pursuant to a valid search warrant, "[t]he premises of a dwelling house include, for search and seizure

purposes, the area within the curtilage." *State v. Courtright*, 60 N.C. App. 247, 249, 298 S.E.2d 740, 742, *appeal dismissed and disc. review denied*, 308 N.C. 192, 302 S.E.2d 245 (1983). The search of an outbuilding within the curtilage of the home does not exceed the scope of a warrant permitting the search of a suspect's property. *See State v. Travatello*, 24 N.C. App. 511, 513, 211 S.E.2d 467, 469 (1975) (holding that "[t]he search of the defendant's premises did not exceed the scope of the warrant by including a tool shed as well as the house itself."); *see also State v. Trapper*, 48 N.C. App. 481, 269 S.E.2d 680, *appeal dismissed*, 301 N.C. 405, 273 S.E.2d 450 (1980), *cert. denied*, 451 U.S. 997, 68 L. Ed. 2d 856 (1981). Searches within proscribed limits, but conducted in areas different than those described in a warrant, do not exceed the scope of a search. *Trapper*, 48 N.C. App. at 487, 269 S.E.2d at 684 (holding the scope of a search warrant was not exceeded when the place searched varied from a description given on the form).

We hold that these principles used to define the scope of a search warrant are equally applicable to our analysis of the scope of a search conducted pursuant to consent. Defendant expressly consented to a search of all of the personal or real property at 19 Doc Wyatt Road. He does not contest that the outbuilding was located within the curtilage of his residence. The search of the outbuilding was within the scope of consent given in this case.

This Court has previously addressed the issue of the scope of consent permitted by a consent to search form. In *State v. Williams*, a consent to search form was signed by defendant allowing the search of vehicles located at the Mecklenburg County Police Department. 67 N.C. App. 519, 522, 313 S.E.2d 237, 238, *cert. denied*, 311 N.C. 308, 317 S.E.2d 909 (1984). The actual search took place after defendant's vehicle was moved to the police department's impound yard. *Id.* This Court determined that "[t]he statement in the consent form regarding the vehicle's location was descriptive of the subject of search rather than proscriptive as to place," and held that the search did not exceed the scope of the consent to search. *Id.*

The consent to search form proscribed the area of the search as the personal or real property at 19 Doc Wyatt Road. Detective Tice explained to defendant that they were there to search the property for evidence of methamphetamine production. Detective Tice did not state that the search would be confined to only the mobile home. A reasonable person under these circumstances would have under-

stood that the officers were there to conduct a search of their property for methamphetamine production materials.

The property included not only the interior of the mobile home, but also outbuildings located within the curtilage of the residence. We note that when the actual search took place, defendant made no objection to the search of the outbuilding. A reasonable person, who believed that his consent did not include the outbuilding, would have objected to the search of the outbuilding. Defendant's silence is some evidence that at the time of the search he believed the outbuilding to be within the scope of his consent. The trial court correctly saw that defendant's contentions concerning an alleged violation of the scope of his consent arose only following his arrest.

The trial court correctly concluded that the search of the outbuilding by the Anson County Sheriff's Department was within the scope of defendant's consent. The denial of defendant's motion to suppress is affirmed.

AFFIRMED.

Judges BRYANT and BEASLEY concur.