STATE OF NORTH CAROLINA v. JOYCE MARIE WATLINGTON

No. 7621SC200

(Filed 7 July 1976)

1. Criminal Law § 84— leading questions asked by court — no error

The trial court did not err in asking leading questions of a police officer for the purpose of clarifying his testimony during a hearing on a motion to suppress evidence.

2. Searches and Seizures § 4— search of vehicle under warrant — subsequent search of passenger not named in warrant

Evidence was sufficient to support the trial court's finding that a search pursuant to a warrant of a vehicle and its driver was completed before the search of defendant passenger who was not named in the warrant was made. G.S. 15A-256.

3. Searches and Seizures § 4— warrant to search vehicle or premises — search of persons not named in warrant — constitutionality of statute

Where police officers have a warrant authorizing the search of a vehicle or premises, it is reasonable to permit a search of persons found in the vehicle or on the premises, within the restrictions of G.S. 15A-256, to prevent those persons from concealing the contraband subject matter described in the search warrant, and such limited searches do not violate the Fourth Amendment of the U. S. Constitution.

APPEAL by defendant from *Seay, Judge.* Judgment entered 20 November 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 June 1976.

Defendant was charged with possession of heroin. Prior to her trial she moved to suppress evidence consisting of four tinfoil packets containing heroin which she alleges were taken from her by an illegal search.

At the hearing on the motion the State's evidence tended to show that the Winston-Salem police obtained a warrant which authorized the search of a 1966 brown Chevrolet owned by Ganzy Pickens, and a residence at 602 Mock Street. The search warrant was based upon an affidavit indicating that heroin would be found in or on the property described.

Defendant was a passenger in the 1966 Chevrolet being operated by Ganzy Pickens when the police stopped the car and searched Pickens immediately. No heroin was found on Pickens. Pickens, defendant and the 1966 Chevrolet then were taken to the Forsyth County jail where the car was searched. After the

car was searched a policewoman escorted defendant to a private rest room and searched her. No heroin was discovered in the Chevrolet automobile, but four tinfoil packets of heroin were found in defendants' pocket.

Defendant's evidence tended to show that the police officers had not completed the search of the car prior to the policewoman's searching defendant (in violation of G.S. 15A-256).

The court concluded that the search of the car was completed before defendant was searched, and that the heroin obtained pursuant to the search of defendant was admissible. Defendant pled guilty to possession of heroin and a prison sentence was imposed. She appealed to this Court pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*A. Carl Penny for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial judge committed prejudicial error by asking leading and biased questions to the police officers who testified at the hearing on the motion to suppress evidence. She argues that the trial judge framed his questions in the language of G.S. 15A-256, and that the witnesses were enticed to testify in a manner which established the legality of the search of defendant.

During the testimony of the officer who had conducted the search of Pickens' car the trial judge asked, "You're testifying that the search of the vehicle described in the warrant was completed and that thereafter the defendant was searched?" The officer answered, "Yes sir."

We find no prejudicial error in the trial judge's questioning the police officer. There is sufficient testimony in the record, in addition to the officer's response to His Honor's question, to establish that defendant was not searched until after the search of the automobile was completed. Moreover, it is permissible for the trial judge to direct questions to a witness for the purpose of clarifying his testimony. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59 (1972). Defendant admits that the witness's testimony was not clear, and the trial judge did not

err in directing questions to clarify the officer's testimony. Stansbury's N. C. Evidence, Brandis Revision, § 31, Leading Questions.

[2]  There is no merit to defendant's contention that there was no competent evidence to support the judge's finding that the search of Pickens and the car was completed before defendant was searched. Pickens stated that "[t]hey searched me immediately upon getting out of the car." Officer Burton testified that "[t]he car search was completed about the same time Officer Iberham arrived to search Miss Watlington." Findings of fact by the trial court, if supported by competent evidence, are conclusive even when there is contradictory evidence. *State v. Carey*, 285 N.C. 509, 206 S.E. 2d 222 (1974). There is ample evidence to support the trial court's findings.

[3]  We also see no merit in defendant's argument that G.S. 15A-256 violates the Fourth Amendment, and is unconstitutional because it permits the search of persons who merely happen to be present in a vehicle or on premises which are the subject of the search warrant. The statute reads as follows:

> "An officer executing a warrant directing a search of premises not generally open to the public or of a vehicle other than a common carrier may detain any person present for such time as is reasonably necessary to execute the warrant. If the search of such premises or vehicle and of any persons designated as objects of the search in the warrant fails to produce the items named in the warrant, the officer may then search any person present at the time of the officer's entry to the extent reasonably necessary to find property particularly described in the warrant which may be concealed upon the person, but no property of a different type from that particularly described in the warrant may be seized or may be the basis for prosecution of any person so searched. For the purpose of this section, all controlled substances are the same type of property."

Only those searches and seizures that are unreasonable are prohibited by the Fourth Amendment. Where police officers have a warrant authorizing the search of a vehicle or premises it is reasonable to permit a search of persons found in the vehicle or on the premises, within the restrictions of G.S. 15A-256, to prevent those persons from concealing the contraband subject matter described in the search warrant.

"Where, as in this case, probable cause to believe that a drug is kept or concealed on certain described premises is established to the satisfaction of a proper magistrate, the search of a person found on the premises in the execution of a search warrant is not only reasonable, but necessary to secure effective enforcement of the . . . Drug Act." *State v. Loudermilk,* 208 Kan. 893, 494 P. 2d 1174, 1178 (1972). The limited searches authorized by G.S. 15A-256 do not violate the Fourth Amendment of the United States Constitution, and the search of defendant in the instant case was entirely reasonable.

We have reviewed defendant's remaining assignments of error and find them also to be without merit. The trial court's order denying the motion to suppress evidence is

Affirmed.

Judges PARKER and HEDRICK concur.