STATE OF NORTH CAROLINA v. GLENN A. BROOKS

No. 8012SC807

(Filed 3 March 1981)

1. Searches and Seizures § 39– search of person on premises searched under warrant

The search of defendant's person after the search of a private residence pursuant to a warrant was authorized by G.S. 15A-256 where an SBI agent received reliable information that two men, a black male and a white male, had 100 grams of hashish for sale at a particular private residence; a purchase of the 100 grams was arranged for a certain evening; officers went to the residence that evening with a search warrant; a search of the residence pursuant to the warrant turned up approximately 98 grams of hashish, but none of the hashish found was in a form which would indicate it was ready for

State v. Brooks

sale; and officers decided that defendant, who was at the residence when officers first went there, should be searched for hashish since the object of the search, ready-to-sell hashish, had not been discovered and could be concealed upon defendant's person.

2. **Searches and Seizures § 10– probable cause "particularized" to defendant**

Officers had sufficient probable cause "particularized" to defendant to search defendant's person after executing a warrant to search a private residence where an SBI agent had received reliable information that two men, a black male and a white male, had 100 grams of hashish for sale at the residence and that a sale was to take place on a certain evening; officers went to the residence that evening with a search warrant to search the premises, but the search failed to turn up any hashish that was ready for sale; and officers had reason to believe that defendant, a white male who was at the residence when officers first went there, might have the ready-to-sell hashish on his person since they knew it was supposed to be at the residence at that time and it could easily be concealed upon the person of anyone present at the residence.

APPEAL by defendant from *Martin, Judge.* Judgment entered 14 April 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 January 1981.

Defendant was charged under a proper bill of indictment with possession with intent to sell and deliver a controlled substance (hashish) in violation of G.S. § 90-95(a)(1). On 21 February 1980, defendant filed a motion to suppress evidence seized as a result of a search of defendant. After a hearing on the motion at the 24 March 1980 "Criminal Session" of Cumberland County Superior Court, the court made the following findings of fact:

1. That on December 17, 1979, Special Agent Steven G. Porter of the North Carolina State Bureau of Investigation was contacted by two confidential sources of information who related to him that they had met a white male named Glenn and a black male named Curt and had been in Curt's residence located at 5700 Comstock Court. While there, the two informants had observed a large quantity of hashish and had arranged for Porter to go there at 7:00 to buy One Hundred (100) grams of hashish for the sum of Six Hundred Dollars ($600.00).

2. That based upon this information, Agent Porter obtained a search warrant ... to search the residence located at 5700 Comstock Court.

3. That Agent Porter and other agents then proceeded to 5700 Comstock Court to execute the search warrant. Upon arrival at that address, Agent Porter was allowed entry by a black female, Mrs. Mary Fuller. Also present in the house were a black male, Curtis Wayne Fuller and a white male, Glenn Allen Brooks. That the house was identified to Agent Porter as belonging to Curtis Wayne Fuller. That Agent Porter read the search warrant to Mrs. Fuller, Curtis Fuller and Glenn Brooks and then began a search of the residence.

4. That, in a bedroom, Agent Porter found 4.6 grams of hashish in a film can and 93.5 grams of hashish in a minila [sic] folder between some books stuffed behind a box. A further search of the house failed to produce the One Hundred (100) grams of hashish which Agent Porter sought. After field testing the hashish, Agent Porter placed Curtis Fuller under arrest and thoroughly searched him, finding no more controlled substances.

5. That Agent Porter determined from the way the hashish which he had found was packaged, in between books in a manila envelope and behind a box, that those drugs were not the drugs for immediate sale to him for which he was searching. That Agent Porter then searched the defendant Brooks and found an envelope in the top band of his sock. This envelope contained 23.5 grams of hashish.

6. That Agent Porter, pursuant to a valid and proper search warrant, was directing a search of premises, not generally open to the public. That his search of the named premises and the person of defendant Fuller had failed to produce the object of the search. That the object of the search could be concealed upon a person. That Glenn Brooks was present at 5700 Comstock Court at the time of Agent Porter's entry.

Based on these findings, the court concluded that the search of the defendant "did not violate the provisions of the United States Constitution nor any other rights of the defendant Brooks and was in compliance with the provisions of North Carolina General Statutes 15A-256" and denied defendant's motion. Defendant thereafter entered a plea of guilty to felo-

nious possession hashish [G.S. § 90-95(a)(3)], and from a judg-
ment entered thereon imposing a prison sentence of "not less
than Three Years nor more than Three Years," defendant
appealed pursuant to G.S. § 15A-979(b).

*Attorney General Edmisten, by Assistant Attorney General
Robert R. Reilly, for the State.*

*Assistant Public Defender William L. Livesay, for the
defendant appellant.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the
court erred in denying defendant's motion to suppress.

G.S. § 15A-256 provides:

An officer executing a warrant directing a search of prem-
ises not generally open to the public or of a vehicle other
than a common carrier may detain any person present for
such time as is reasonably necessary to execute the war-
rant. If the search of such premises or vehicle and of any
persons designated as objects of the search in the warrant
fails to produce the items named in the warrant, the officer
may then search any person present at the time of the
officer's entry to the extent reasonably necessary to find
property particularly described in the warrant which may
be concealed upon the person, but no property of a different
type from that particularly described in the warrant may
be seized or may be the basis for prosecution of any person
so searched. For the purpose of this section, all controlled
substances are the same type of property.

[1] Defendant first contends that the trial judge erroneously
concluded that the search of defendant complied with the re-
quirements of G.S. § 15A-256. We do not agree. Under the cited
statute, if a search of the premises described in a valid search
warrant fails to produce the items named in the warrant, offi-
cers may then conduct a search of a person, whether named in
the warrant or not, who is on the premises at the time of the
officer's entry thereon. Such a search is limited, however, to
"the extent reasonably necessary" to find the property particu-
larly described in the warrant, or, in the case of a search war-
rant for a controlled substance, any controlled substance. The

search is also limited to items that could be concealed upon the person.

In the present case, the court's findings in its order denying defendant's motion to suppress indicate that after receiving reliable information as to the availability for sale of one hundred grams of hashish at a private residence, Agent Porter and other officers obtained a warrant, the validity of which is not questioned, authorizing a search of that residence for the hashish. The findings also show that upon arriving at the residence, the officers served the warrant and began a search of the premises, which ultimately turned up approximately 98 grams of hashish, but none of the hashish found was in a form which would indicate it was ready for sale. The findings further demonstrate that since the object of the search, ready-to-sell hashish, had not been discovered, and since the object of the search could be concealed upon the person of those who were at the residence when the officers entered, the officers decided that defendant, who was at the residence at the time of entry, should be searched for the hashish. The findings then indicate that a search of defendant turned up 23.5 grams of hashish that had been hidden in the top band of the defendant's sock.

The court's findings, not challenged by defendant, are conclusive on appeal if they are supported by competent evidence in the record, *State v. Prevette,* 43 N.C. App. 450, 259 S.E. 2d 595 (1979), *disc. rev. denied and appeal dismissed,* 299 N.C. 124, 261 S.E. 2d. 925 (1980), and the record in this case contains ample competent evidence which supports the findings made by the trial judge. The findings are thus conclusive, and, in turn, obviously support the court's conclusion that the search of defendant met the requirements of G.S. § 15A-256. Defendant's contention is therefore without merit.

[2] Defendant next contends that even if the search of defendant compiled with G.S. §15A-256, the search was nevertheless unconstitutional. Citing *Ybarra v. Illinois,* 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979), defendant argues that the Fourth Amendment prohibition against unreasonable searches and seizures requires that probable cause to search be "particularized" to the individual to be searched, and since the search warrant in the present case referred only to the premises at 5700 Comstock Court, and not any person present, probable

State v. Brooks

cause "particularized" to defendant was therefore lacking. We cannot agree.

In *Ybarra v. Illinois, supra,* the United States Supreme Court (Stewart, J.) stated as follows:

> It is true that the police possessed a warrant based on probable cause to search the tavern in which Ybarra happened to be at the time the warrant was executed [footnote omitted]. But, a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v. New York,* 392 U.S. 40, 62-63. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. The Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy" of persons, not places. [citations omitted]

*Id.* at 91, 62 L. Ed. 2d at 245, 100 S. Ct. at 342.

The *Ybarra* Court emphasized that none of the circumstances present would have suggested to the police that Ybarra was somehow connected with the criminal activity to which the search warrant was addressed, and therefore no probable cause to search Ybarra existed. The circumstances in the instant case, however, were quite different. The record indicates that Agent Porter had received reliable information that two men, a black male and a white male, had one hundred grams of hashish for sale at a particular private residence. The sale was to take place on the evening of 17 December 1979. The officers went to the residence that evening with a search warrant to search the premises, but the search failed to turn up any hashish that was ready for sale. Since the officers knew that ready-to-sell hashish was supposed to be at the residence at that time, and since such hashish could easily be concealed upon the person of those present, the officers had reason to believe that defendant, a white male, might have the ready-to-sell hashish on his person. In our view, therefore, the officers had probable cause, "particularized" with respect to defendant, to search defendant.

Moreover, the limited search of persons on the premises allowed by G.S. § 15A-256 has previously been held constitutional. In *State v. Watlington,* 30 N.C. App. 101, 226 S.E. 2d 186, *cert. denied and appeal dismissed,* 290 N.C. 666, 228 S.E. 2d 457 (1976), this Court, per Judge Arnold, stated:

> Only those searches and seizures that are unreasonable are prohibited by the Fourth Amendment. Where police officers have a warrant authorizing the search of a vehicle or premises it is reasonable to permit a search of persons found in the vehicle or on the premises, within the restrictions of G.S. § 15A-256, to prevent those persons from concealing the contraband subject matter described in the search warrant.

*Id.,* at 103, 226 S.E. 2d at 188. We do not believe that the decision in *State v. Watlington, supra,* is in any way adversely affected by the above-cited rule from *Ybarra v. Illinois, supra.* Probable cause "particularized" to those present on the premises being searched can be clearly inferred from the circumstances under which the limited search pursuant to G.S. § 15A-256 is authorized: Police officers have reason to believe that criminal activity has been or is occuring on the premises, the search pursuant to the warrant fails to uncover any evidence of such activity, and such evidence of the criminal activity could be concealed upon the person of those present at the time of the officer's entry.

We are therefore of the opinion that the search conducted in the present case was constitutional, and defendant's contention is without merit.

The trial court's order denying defendant's motion to suppress is

Affirmed.

Judges MARTIN (Robert M.) and CLARK concur.