STATE OF NORTH CAROLINA v. JERRY DAVID GUY

STATE OF NORTH CAROLINA v. RICHARD H. YANDLE, A/K/A FRED WILLIAMS

No. 8120SC229

(Filed 6 October 1981)

**1. Searches and Seizures § 23— sufficiency of affidavit for warrant**

An affidavit was sufficient to support the issuance of a warrant to search a Cadillac and apartment where it alleged: a home was broken into and property was stolen therefrom at approximately 4:00 p.m.; the victim and a neighbor saw a 1977 silver Cadillac leaving the yard of the home; at 4:15 p.m. an officer found the car matching that description parked by an apartment; the hood of the car was hot, the keys were in the ignition, and ski masks, gloves, a pistol and a screwdriver were visible inside the car; the neighbor identified the Cadillac as the same one she had seen at the victim's home; and when an officer approached the apartment, he was denied admission.

**2. Criminal Law § 92.1— consolidation of charges against two defendants**

The trial court properly consolidated the trials of two defendants charged with the same offenses of breaking and entering and larceny. G.S. 15A-926(a).

**3. Criminal Law § 42.5— connection between defendant and stolen goods**

A sufficient connection between defendant and guns stolen during a break-in was established to permit admission of the guns into evidence against defendant where a pillow case containing the stolen guns was found in a waste basket only five or six feet from where defendant was standing, and defendant had silver certificates stolen during the same break-in in his pocket.

**4. Searches and Seizures § 39— execution of warrant—detention of persons**

Officers had the right to detain defendant and another person who were in an apartment while the apartment was being searched pursuant to a warrant. G.S. 15A-256.

5. **Arrest and Bail § 3.5; Searches and Seizures § 8— probable cause for warrantless arrest—search incident to arrest**

Officers had probable cause to arrest defendant when stolen guns were found in a waste basket only five or six feet from where defendant was standing in an apartment and defendant was one of only two people in the apartment, and a search of defendant's person during which stolen silver certificates were discovered was lawful as an incident to his valid arrest.

6. **Burglary and Unlawful Breakings § 5.4— presumption from possession of recently stolen property**

The State's evidence in a prosecution for breaking and entering and larcency was sufficient to be submitted to the jury under the theory of possession of recently stolen property where it tended to show that defendant was in the possession of stolen silver certificates a few hours after the breaking and entering.

7. **Burglary and Unlawful Breakings § 6.5— instructions on possession of recently stolen property**

The trial court's instruction that the jury must find every element of possession of recently stolen goods, including awareness and control of the stolen goods, in order to find defendant guilty of breaking and entering and larceny incorporated in substance defendant's requested instructions on constructive possession and proximity to stolen goods.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 14 August 1980 in Superior Court, UNION County. Heard in the Court of Appeals 14 September 1981.

Defendant Yandle was indicted on charges of breaking or entering, felony larceny, and receiving stolen property. The jury found the defendant guilty of felonious breaking or entering and felonious larceny.

The State's evidence tended to show that on 11 March 1980, the home of Mr. and Mrs. James Reid of Matthews, N.C. was broken into and robbed. At approximately 3:30 p.m. Mrs. Reid returned to her home. She saw a gray car pulled up against the back steps of her house. It then sped away across her front yard. A neighbor of the Reids', Mrs. Wells, described the speeding car as a gray-silver late model Cadillac two-door sedan with a Landau roof, occupied by two and possibly three persons. Approximately fifteen minutes later, the police found a car matching Mrs. Wells' description parked by an apartment at 1951 Stallings Road. The hood of the car was hot, and inside the car, in plain sight, were several ski masks, gloves, a pistol and a screwdriver. Mrs. Wells identified the Cadillac as the same one she had seen at the Reid's

house. The police then obtained a search warrant for the car and the apartment at 1951 Stallings Road. A search of the automobile trunk revealed the stolen clocks, weapons, and a jewelry box. The automobile was registered in the name of co-defendant Jerry Guy's wife. Only two persons were in the apartment when the police executed the search warrant: Carolyn Norman and the defendant. A blue pillowcase containing the Reids' stolen guns was found stuffed in a wastebasket five to six feet from where the defendant was standing. The defendant was arrested and searched. Nineteen silver certificates, including a one dollar silver certificate bearing the marking "Hawaii", were found in the defendant's pocket. Mr. Reid had owned such a bill.

Defendant presented no evidence.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Loflin & Loflin, by Thomas F. Loflin, III, for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns error to the trial court's denial of his motion to suppress all evidence obtained from the search of the Cadillac and the apartment. Defendant contends that the officers lacked probable cause to believe that the stolen property was located at the place to be searched. The affidavit supporting the search warrant stated that at approximately 4:00 p.m. on 10 March 1980, the Reids' home was broken into and robbed. Mrs. Reid and Mrs. Wells saw a 1977 silver Cadillac two-door sedan leaving the Reid's yard. At 4:15 p.m., Deputy J. R. Cox found a car matching that description at 1951 Stallings Road. The hood of the Cadillac was hot; the keys were in the ignition; and ski masks, gloves, a pistol and a screwdriver were visible inside in the automobile. Mrs. Wells identified the Cadillac as the same one she had seen at the Reids'. When Deputy Cox approached the apartment, he was denied admission. These facts were sufficient to establish probable cause, and the trial judge properly denied defendant's motion to suppress the evidence which the search revealed. *See Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), *Giordenello v. U.S.*, 357 U.S. 480, 2 L.Ed. 2d

1503, 78 S.Ct. 1245 (1958). *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

[2] Defendant's second assignment of error is that the trial court improperly granted the State's motion for consolidation of trials of Jerry David Guy and defendant Yandle. Both defendant and Guy were indicted on charges of breaking or entering and larceny arising out of the 11 March 1980 break-in of the Reids' home. A motion to consolidate trials of defendants charged with offenses arising from the same occurrence is addressed to the sound discretion of the trial judge. *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1971), *State v. Phifer,* 290 N.C. 203, 225 S.E. 2d 786 (1976), *cert. denied,* 429 U.S. 1123, 51 L.Ed. 2d 573, 97 S.Ct. 1160 (1977), *State v. Wheeler,* 34 N.C. App. 243, 237 S.E. 2d 874 (1977), *State v. Travis,* 33 N.C. App. 330, 235 S.E. 2d 66, *cert. denied,* 293 N.C. 163, 236 S.E. 2d 707 (1977). Consolidation of trials is appropriate where two or more persons are indicted for the same offense. G.S. 15A-926(a), *State v. Jones,* supra. We find no abuse of discretion and this assignment is overruled.

[3] In support of defendant's fifth and sixth assignments of error, he contends that the trial court erred in allowing the admission into evidence of the stolen goods found in the apartment against defendant without establishing a link between the stolen goods and defendant, and further erred by refusing to give a limiting jury instruction that the goods were admissible only against co-defendant Guy, and not against defendant Yandle. The evidence tended to show that two or three people were in the Cadillac leaving the Reids' home. Some of the stolen items were found in that Cadillac, which was parked at 1951 Stallings Road. Defendant was arrested only five or six feet from the wastebasket in which the pillowcase containing stolen weapons was found. Defendant had stolen bills stuffed in his pocket. These facts established a connection between defendant and the goods found in the wastebasket. It was reasonable to assume that defendant had knowledge of or control over the weapons found in the pillowcase. *State v. Carr,* 21 N.C. App. 470, 204 S.E. 2d 892 (1974). The trial judge acted properly in admitting the stolen weapons into evidence against defendant, and refusing his requested limiting instruction.

The next assignment of error which we address is whether the trial court properly denied defendant's motion to suppress the evidence found in a search of defendant's person. We find that the search and the court's denial was proper.

[4, 5] The officers had the right to detain Carolyn Norman and defendant on the premises while the apartment was being searched pursuant to a warrant. G.S. 15A-256. *Michigan v. Summers*, 452 U.S. --- , 69 L.Ed. 2d 340, 101 S.Ct. 2587 (1981), *State v. Brooks*, 51 N.C. App. 90, 275 S.E. 2d 202 (1981), *State v. Watlington*, 30 N.C. App. 101, 226 S.E. 2d 186 (1976). Following a *voir dire* on defendant's motion to suppress, the trial judge made the following findings of fact: the officers searched the apartment, found a blue pillowcase containing items belonging to Mr. and Mrs. Reid, then arrested and searched defendant and found stolen bills on his person. The trial judge's findings of fact are binding on appeal if supported by competent evidence, even though there is evidence in the record to the contrary. *In re Gardner*, 39 N.C. App. 567, 251 S.E. 2d 723 (1979). *State v. Blackmon*, 280 N.C. 42, 185 S.E. 2d 123 (1971), *State v. Small*, 293 N.C. 646, 239 S.E. 2d 429 (1977). Sheriff McQuirt's testimony on direct examination differed from his testimony on *voir dire*, as to whether the defendant was searched before or after the stolen goods were found in the apartment search. On *voir dire*, Sheriff McQuirt testified that the stolen weapons were found in a pillowcase only five or six feet away from defendant, when defendant was one of only two people in the apartment. These circumstances support the trial judge's findings and supplied the probable cause for defendant's arrest. *See* G.S. 15A-401(b)(2)(a), *State v. Mathis*, 295 N.C. 623, 247 S.E. 2d 919 (1978), *State v. Rudolph*, 39 N.C. App. 293, 250 S.E. 2d 318 (1979). Once defendant had been arrested, the police were entitled to search him pursuant to a valid arrest. *Chimel v. California*, 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034, *reh. denied*, 396 U.S. 869, 24 L.Ed. 2d 124, 90 S.Ct. 36 (1969). *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973), *State v. Hardy*, 299 N.C. 445, 263 S.E. 2d 711 (1980). Thus, the silver certificates were found in a lawful search of defendant's person. We find no error in the court's refusal to suppress the fruits of the search.

[6] In his tenth assignment, defendant contends that the trial judge erred in denying his motions to dismiss. From the evidence, the jury could reasonably infer that defendant's possession of the

stolen bills so soon after the burglary made it unlikely that he had acquired them honestly. *See State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369 (1968). Under the doctrine of possession of recently stolen goods, there was more than enough evidence to send this case to the jury. This assignment is overruled.

The final assignment of error we address is whether the trial judge erred in refusing to give the jury three instructions requested by the defendant. Defendant made a specific written request for jury instructions. G.S. 1-181, *State v. Everette,* 284 N.C. 81, 199 S.E. 2d 462 (1973), *State v. Robinson,* 40 N.C. App. 514, 253 S.E. 2d 311 (1979). While the trial judge had the duty to explain the law arising from the evidence in the case in substance, he was not required to tender defendant's instructions verbatim. *State v. Monk,* 291 N.C. 37, 229 S.E. 2d 163 (1976), *State v. Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973). The judge's charge on the doctrine of "recent possession" adequately explained the law as requested by defendants. *See State v. Jackson,* supra.

[7] Neither did the trial judge err in refusing to give defendant's requested charges on constructive possession and proximity to stolen goods. The defendant was found with stolen goods on his person. The jury was instructed that they must find every element of possession of recently stolen goods, including awareness and control of stolen goods, in order to find defendant guilty. This instruction incorporated, in substance, defendant's requested charges. The jury instructions were correct on the whole, and do not constitute reversible error. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970), *State v. McCall,* 31 N.C. App. 543, 230 S.E. 2d 195 (1976). This assignment is overruled.

We have carefully examined defendant's other assignments of error, and find them to be without merit.

Defendant was given a fair trial, free from prejudicial error.

No error.

Chief Judge MORRIS and Judge VAUGHN concur.