STATE OF NORTH CAROLINA v. STEVEN LEE CUTSHALL

No. COA99-185

(Filed 7 March 2000)

**Search and Seizure— warrant for premises—search of individual—probable cause**

Even though police officers had a warrant to search a mobile home and all outbuildings at the residence for crack cocaine and other controlled substances, the search of a defendant not named in the warrant but found on the premises named therein that he neither owned nor controlled and the seizure of a rock of crack cocaine and crack pipes from his jacket violated defendant's Fourth Amendment right to be free from unreasonable search and seizure because (1) the right to search defendant under N.C.G.S. § 15A-256, which allows the search of persons on the premises who were not named in the warrant when the items sought were not found, ended when officers found crack cocaine in an outbuilding, and (2) there was no evidence of probable cause particularized to this defendant.

STATE v. CUTSHALL

[136 N.C. App. 756 (2000)]

Appeal by defendant from judgment entered 25 September 1998 by Judge Raymond A. Warren in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 January 2000.

*Attorney General Michael F. Easley, by Associate Attorney General C. Ruffin Poole, for the State.*

*Allen W. Boyer for the defendant.*

EAGLES, Chief Judge.

This case presents the issue of whether under G.S. § 15A-256 (1999) the State may properly search an individual not named in the search warrant but found on premises named therein that he neither owns nor controls.

Defendant was convicted for possession of cocaine and drug paraphernalia. The State's evidence showed that on 11 November 1997 Officer Keith Caviness of the Charlotte-Mecklenburg Police Department and a paid informant went to 5516 Cross Street to make a controlled drug buy. Shortly after their arrival, a white male came out of a mobile home on the premises and immediately walked to the left toward an old shack adjacent to the mobile home. After a brief period, the white male approached the vehicle and handed crack cocaine to the informant. After examining the drugs, the officer and informant made the purchase.

Officer Caviness left the scene and obtained a search warrant for the premises from a Mecklenburg County Magistrate. Though the search warrant is not in the record before us, testimony from officers established that the search warrant authorized officers to search the mobile home and all outbuildings at 5516 Cross Street for crack cocaine and other controlled substances. Additionally, the warrant explicitly provided the officers with the right to search the white male who sold crack cocaine to the informant. The warrant described him as a white male, twenty to twenty-five years old, six foot one inches tall, weighing approximately one hundred fifty to one hundred sixty pounds and having dark hair and mustache. Officer Caviness testified that the defendant was not the same individual that had earlier sold them the crack cocaine and that the defendant did not match the description in the search warrant.

Several hours after the controlled buy, Caviness and other officers served the search warrant at 5516 Cross Street. Upon entry, Officer Caviness testified that they found six or seven people in the

mobile home. Caviness found the defendant in the living room area and immediately "assisted" him to the floor. While on the floor, Caviness handcuffed the defendant. The defendant remained on the floor while police "secured" the mobile home. The trial court found that "the defendant was not immediately searched." After the police "secured" the mobile home, Officer Caviness searched the defendant. Caviness found one rock of crack cocaine and three crack pipes in defendant's right front jacket pocket. Additionally, police searched the mobile home and the outside buildings. The police found drug paraphernalia inside the residence and found crack cocaine in a "shack" adjacent to the residence.

Prior to trial, defendant moved to suppress the rock of crack cocaine and the crack pipes the police obtained from his jacket. After a pretrial hearing, the court denied the motion. The trial court made findings of fact and concluded that the search of defendant's person was "without constitutional violation." Defendant appeals and claims that the search violated his Fourth Amendment rights to be free from an unreasonable search and seizure. We agree.

The Fourth Amendment to the United States Constitution and Article I of the North Carolina Constitution protect individuals against unreasonable searches and seizures. U.S. Const. Amend. IV, N.C. Const. Art. I, § 20. The U.S. Supreme Court in *Ybarra v. Illinois*, 444 U.S. 85, 91, 62 L. Ed. 2d 238, 245 (1979) stated that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." In *Ybarra*, the Court held that a warrant authorizing officers to search a tavern did not entitle the officers to search every individual found on the premises. Rather, the Fourth Amendment requires that officers have probable cause particularized to an individual prior to searching that individual. *Id.* Since the officers in *Ybarra* did not have probable cause particularized to the defendant, the Court held that the search violated the Fourth Amendment. *Id.* at 96, 62 L. Ed. 2d at 248.

Here, State argues that notwithstanding *Ybarra*, G.S. 15A-256 justifies Officer Caviness' search of defendant's person. This Court has stated that a search conducted pursuant to G.S. § 15A-256 complies with the requirements of probable cause and does not conflict with the U.S. Supreme Court's ruling in *Ybarra. State v. Brooks*, 51 N.C. App. 90, 96, 275 S.E.2d 202, 206 (1981). G.S. 15A-256 states:

An officer executing a warrant directing a search of premises not generally open to the public or of a vehicle other than a common carrier may detain any person present for such time as is reasonably necessary to execute the warrant. **If the search of such premises or vehicle and of any persons designated as objects of the search in the warrant fails to produce the items named in the warrant, the officer may then search any person present at the time of the officer's entry to the extent reasonably necessary to find property particularly described in the warrant which may be concealed upon the person,** but no property of a different type from that particularly described in the warrant may be seized or may be the basis for prosecution of any person so searched. For the purpose of this section all controlled substances are the same type of property. (Emphasis added).

The State contends that we should consider the "shack" and mobile home as separate units under G.S. § 15A-256. According to the State, the warrant focused on the mobile home and not the outbuildings. Therefore, it contends that the only relevant area for purposes of G.S. § 15A-256 was the mobile home. The State asserts that the officers' discovery of crack cocaine in the outbuilding is of no consequence although the warrant specifically allowed the police to search those structures. Since police failed to find crack cocaine in the mobile home, the State claims that G.S. § 15A-256 authorized the officers to search the defendant.

In enacting G.S. § 15A-256, the General Assembly intended to authorize the search of an individual who is not in control of the designated premises but is found there when a search warrant is executed, **only** after a search of the premises did not reveal the items sought in the search warrant. The State's argument here would allow officers to search the adjacent outbuildings pursuant to the search warrant but not consider evidence found in those buildings in order to justify the search of an unnamed individual under G.S. § 15A-256. We find the State's argument unpersuasive.

G.S. § 15A-256 does not distinguish between different units on premises. Indeed, our cases have uniformly allowed searches of outbuildings within the curtilage under authority of a search warrant for the premises address. *State v. Travatello*, 24 N.C. App. 511, 211 S.E.2d 467 (1975) (tool shed); *State v. Trapper*, 48 N.C. App. 481, 269 S.E.2d 680 (1980) (shed); *State v. Courtright*, 60 N.C. App. 247, 298

S.E.2d 740, *disc. review denied,* 308 N.C. 192, 302 S.E.2d 245 (1983) (parked car within curtilage). This Court has stated that "**the premises of a dwelling house include, for search and seizure purposes, the area within the curtilage** and a search pursuant to a warrant describing a dwelling does not exceed its lawful scope when outbuildings or vehicles located within the curtilage are also searched." *Courtright,* 60 N.C. App. at 249, 298 S.E.2d at 742 (citations omitted). To follow the State's argument here would require us to overrule those cases authorizing search of buildings within the curtilage. So long as probable cause exists to search the buildings within the curtilage, then those buildings must be included within the term "premises" under G.S. § 15A-256. This is especially true here where the warrant explicitly authorized the search of the outbuildings. Accordingly, we now hold that the outbuildings were included within the premises authorized to be searched pursuant to the search warrant.

The State's argument, followed to its logical conclusion, would arguably render G.S. § 15A-256 unconstitutional. In *Brooks,* 51 N.C. App. at 96, 275 S.E.2d at 206, this Court stated:

Probable cause "particularized" to those present on the premises being searched can be clearly inferred from the circumstances under which the limited search pursuant to G.S. § 15A-256 is authorized: Police officers have reason to believe that criminal activity has been or is occurring on the premises, the search pursuant to the warrant fails to uncover any evidence of such activity and such evidence of the criminal activity could be concealed upon the person of those present at the time of the officer's entry.

Therefore, probable cause exists from the fact that a search pursuant to a search warrant failed to yield the items sought and that the defendant found on the premises could have concealed those items on his person. Probable cause does not arise from defendant's mere presence on the premises. The State's reading of the statute would eliminate the requirement that "the search pursuant to the warrant fails to uncover evidence of such activity." *Id.* Without this statutory requirement, G.S. § 15A-256 would entitle officers to search individuals merely because they were found on the premises. The U.S. Supreme Court has already held that proposition unconstitutional. *See Ybarra,* 444 U.S. at 91, 62 L.Ed.2d at 245.

Officer Caviness testified that the warrant named crack cocaine as the object of the search. Additionally, the search warrant allowed

officers to search the adjacent "shack" as well as the mobile home described. Upon searching the shack, officers discovered crack cocaine. G.S. § 15A-256 justifies the search of an individual found on the premises only when a search pursuant to a search warrant does not produce the items described in the warrant. Here, the officers' search yielded the exact object of the officers' investigation, crack cocaine. After the officers discovered cocaine in the "shack," their statutory authority to search the defendant ceased to exist. Accordingly, we hold that G.S. § 15A-256 is inapplicable and does not justify the officers' search of the defendant.

In its order, the trial court concluded as a matter of law

1. That the Police Officers entered the residence located at 6516 Cross Street pursuant to a lawful Search Warrant and the entry into the premises was lawful and based on the common law as outlined in the case of [State v. Brooks 51 N.C.App. 90] search of a person found in or upon the premises pursuant to the execution of a valid search warrant is proper.

Brooks is distinguishable. In Brooks, the warrant gave the officers the right to search the premises for "ready to sell" hashish. Brooks, 51 N.C.App. at 92, 275 S.E.2d at 203. Upon conducting the search, the officers found no hashish that was ready for immediate sale, though they found hashish not yet ready to sell. Id. The officers then searched the defendant and found an envelope of hashish. Id. The Brooks Court sustained the search based on G.S. § 15A-256, reasoning that the officers' search of the premises did not disclose the intended items, namely "ready to sell" hashish. Id. at 94, 275 S.E.2d at 204. Unlike Brooks, here the officers in searching the adjacent "shack" did locate crack cocaine, the exact item that the warrant sought. Accordingly, we hold that the trial court's reliance on Brooks was error.

The State also relies on State v. Watlington, 30 N.C. App. 101, 226 S.E.2d 186, disc. review denied, 290 N.C. 666, 228 S.E.2d 457 (1976). In Watlington, the police obtained a warrant authorizing them to search the vehicle of a third party. Id. The defendant was a passenger in the vehicle. Id. After the search of the automobile proved fruitless, the police searched the defendant's person and found four packets of heroin in her jacket. Id. at 102, 226 S.E.2d at 187. This Court upheld the search based on G.S. § 15A-256. Id. In Watlington, like Brooks, the police failed to locate the object of their search by searching the vehicle. In the instant case, the police did locate the exact item specified

in the warrant. Therefore, *Watlington* is distinguishable and does not bind us here.

The State has failed to show that the officers' search complies with the requirements of G.S. § 15A-256. Additionally, the record does not indicate any evidence of probable cause particularized to this defendant. Therefore, the trial court's conclusion that the officers' search was "without constitutional violation" was error. In the absence of probable cause or another warrant exception, the trial court should have suppressed the evidence the officers seized during the search of the defendant's person.

Reversed and remanded.

Judges WALKER and WYNN concur.