STATE OF NORTH CAROLINA v. JULIAN OCHOA GARCIA

No. COA11-262

(Filed 4 October 2011)

**1. Criminal Law—jury request—transcript of testimony—judge's discretion**

The trial court exercised its discretion when responding to a jury request for a transcript of certain testimony where the court told the jury that the transcript was not available and that it was their duty to recall the evidence. The trial court's remarks to defense counsel indicated the court's awareness that the request could be granted by reading the transcript; it is the court's understanding that is considered, not that of the jury.

**2. Search and Seizure—detention pursuant to search warrant—separate room—Miranda warnings**

A lawful detention pursuant to the execution of a search warrant was not transformed into an arrest where defendant was moved into a bathroom of his house and read his *Miranda* warnings, and the trial court did not err by denying defendant's motion to suppress.

Appeal by Defendant from order entered 17 June 2010 and judgment entered 1 July 2010 by Judge Kenneth C. Titus in Wake County Superior Court. Heard in the Court of Appeals 14 September 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for the State.*

*James H. Monroe for Defendant.*

STEPHENS, Judge.

*Procedural History and Evidence*

On 27 October 2009, Defendant Julian Ochoa Garcia was indicted on charges of trafficking in cocaine by possession and maintaining a dwelling for the keeping or selling of controlled substances. On 7 May 2010, Defendant moved to suppress, *inter alia*, statements he made to law enforcement officers during a search of Defendant's apartment. Following a hearing, the trial court suppressed money seized during the officers' search, but denied the remainder of Defendant's motion. Subsequently, a jury found Defendant guilty of trafficking in

cocaine by possession. The jury was unable to reach a verdict on the maintaining a dwelling charge, and the trial judge declared a mistrial as to that charge. The court sentenced Defendant to an active term of 35-42 months imprisonment. Defendant appeals.

The evidence at trial tended to show the following: On 11 September 2009, officers with the Raleigh Police Department ("the Department") executed a search warrant for an apartment at 3835-B Brentwood Road in Raleigh. The probable cause affidavit attached to the warrant application, signed by Detective K.J. Patchin, stated that a reliable confidential informant told Patchin that narcotics were being sold from the apartment; Patchin sent the informant to the apartment to buy cocaine with marked money from a suspect known as "Chino"; and the suspect took the money from the informant and appeared to have entered the apartment before returning to deliver cocaine. Defendant's name did not appear on the warrant.

When the warrant was executed, officers found three people inside the apartment: Defendant, his wife, and a small child. Officers handcuffed Defendant and his wife and seated them on the floor against the living room wall. When Patchin entered the apartment, he asked Officer Gory Mendez, a Spanish translator with the Department, to read Defendant and his wife their *Miranda* rights in Spanish. Mendez escorted Defendant into a bathroom, read him his *Miranda* rights in Spanish, and questioned him about drug activities in the apartment. Defendant denied any knowledge of drug activity. Mendez then returned Defendant to the living room and repeated the process with Defendant's wife.

During Mendez's questioning of Defendant's wife, Patchin discovered a digital scale and two plastic bags of a white, powdery substance, later determined to be cocaine, hidden behind the ceiling tiles of the apartment. Defendant gestured that he wanted to speak with Mendez again and stated that the drugs were his and his wife was not involved. Defendant was then arrested.

On appeal, Defendant raises two issues: that the trial court erred in (1) failing to exercise its discretion in responding to the jury request to review the transcript of Mendez's testimony, and (2) denying his motion to suppress the statements he made to Mendez. We find no error in the trial court's response to the jury request and affirm its ruling on the motion to suppress.

*Jury Request*

**[1]**  The North Carolina General Statutes provide:

> (a) If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.

N.C. Gen. Stat. § 15A-1233 (2009). "To comply with this statute, a court must exercise its discretion in determining whether or not to permit the jury to examine the evidence. A court does not exercise its discretion when it believes it has no discretion or acts as a matter of law." *State v. Maness*, 363 N.C. 261, 278, 677 S.E.2d 796, 807 (2009) (citations omitted), *cert. denied,* ___ U.S. ___, 176 L. Ed. 2d 568 (2010).

Here, during deliberations, the jury asked to review Mendez's trial testimony. The trial transcript contains the following exchange, made outside the jury's presence, between the trial court and Defendant's counsel:

> The Court: All right. The jury has sent out a request for a copy of Officer Mendez's testimony. I intend to call them in and tell them it is their duty to recall the testimony in this case, it is not prepared in a form that can be submitted to them at this time.

> [Defense Counsel]: Would you consider letting them know that it can be read to them.

> The Court: *I don't intend to read it to them or have it read to them.* It's their duty to recall the evidence that they have heard.

> It's not prepared in a form that can be submitted to them, so I'll just tell them they need to recall the evidence.

(Emphasis added). After the jury returned to the courtroom, the trial court explained its decision as follows:

> The Court: [Y]ou have indicated in this note that you're requesting a copy of Officer Mendez'[s] testimony.

> [Jury Foreperson]: Yes, sir, Your Honor.

> The Court: That is not prepared in a form that can be submitted to you. The Court Reporter takes it down, but she is taking it

down for later typing everything, but it's not done immediately, so it is not in a form that could be submitted to you.

It is your duty to recall the evidence based on your recollection of the evidence that you have heard and the testimony that you have heard in this case.

Defendant contends that this response suggests the court believed it was unable to provide the transcript to the jury, a situation we have consistently held is a failure to exercise discretion. *See, e.g., State v. Ashe,* 314 N.C. 28, 35-36, 331 S.E.2d 652, 656-57 (1985). While the trial court's comments might have misled the jury about the availability of the transcript, it is the trial court's understanding we consider here, not that of the jury. The court's remarks to defense counsel indicate its awareness that the jury request could be granted by reading the transcript. Thus, the court was aware it had the ability to grant the jury request, but exercised its discretion in declining to do so. Accordingly, we overrule this argument.

## Motion to Suppress

**[2]** Defendant next asserts the trial court erred in denying his motion to suppress the statements he made to Mendez, arguing these statements were obtained as the result of his "unlawful and unconstitutional arrest." We disagree.

"Where a trial court conducts a hearing upon a motion to suppress made prior to trial, the trial court must make findings of fact." *State v. Reid,* 151 N.C. App. 420, 422, 566 S.E.2d 186, 188 (2002) (citing N.C. Gen. Stat. § 15A-977(d)). "In reviewing the denial of a motion to suppress, [an appellate court is] limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the findings of fact in turn support legally correct conclusions of law." *Id.* at 422, 566 S.E.2d at 188 (citation omitted). Thus, in general, a trial court's "[f]indings and conclusions are required in order that there may be a meaningful appellate review of the decision." *State v. Horner,* 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984). However, "[i]f there is not a material conflict in the evidence, it is not reversible error to fail to make such findings because we can determine the propriety of the ruling on the undisputed facts which the evidence shows." *State v. Lovin,* 339 N.C. 695, 706, 454 S.E.2d 229, 235 (1995).

Here, Defendant's motion sought to suppress, *inter alia,* "any statements that [] Defendant allegedly provided to law enforcement because there was no reasonable suspicion to detain [Defendant and]

there was no probable cause to arrest [Defendant]." Following testimony from Mendez and Patchin at a pretrial hearing, the court denied Defendant's motion in open court and later issued a written order doing the same. The written order, however, does not contain findings of fact or conclusions of law.

The trial judge made the following remarks regarding Defendant's motion:

> The Court does find, however, . . . that [Defendant] was lawfully detained. He was properly advised of his [*Miranda*] rights, even prior to the time that the cocaine was found. He . . . positively indicated his understanding of those rights. And the Court would find based upon that, that any statements that he made subsequent to being advised of his [*Miranda*] rights in Spanish and acknowledging and understanding of those rights, his statements were voluntary and therefore admissible.

The trial court concluded[1] that Defendant was not under arrest at the time of his statement, but rather had been lawfully detained ancillary to execution of the search warrant. The court did not explicitly dictate findings in support of this conclusion but, as noted above, this is not reversible error if the relevant facts are undisputed. *Id.* Thus, the specific issue before us is whether the undisputed facts in the record show that Defendant was lawfully detained at the time of his statement.

"An officer executing a warrant directing a search of premises not generally open to the public . . . may detain any person present for such time as is reasonably necessary to execute the warrant." N.C. Gen. Stat. § 15A-256 (2009). Detentions pursuant to this statute are consistent with Fourth Amendment protections against unreasonable searches. *See State v. Watlington*, 30 N.C. App. 101, 226 S.E.2d 186, *appeal dismissed and disc. review denied*, 290 N.C. 666, 228 S.E.2d 457 (1976). Further, officers may use handcuffs to detain the occupants of a residence being searched and may question them, so long as the questioning does not extend the length of detention beyond that required to complete the search. *Muehler v. Mena*, 544 U.S. 93, 100-01, 161 L. Ed. 2d 299, 308 (2005); *accord State v. Carrouthers*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2011). Neither the use of handcuffs nor questioning by officers transforms a lawful detention incident to a search into an arrest. *Id.*

---

1. Although the trial court used the word "find" in its remarks, whether a defendant is under arrest is a conclusion of law. *See, e.g., State v. Carrouthers*, 200 N.C. App. 415, 417-18, 683 S.E.2d 781, 783 (2009); *State v. Logner*, 148 N.C. App. 135, 138-39, 557 S.E.2d 191, 193-94 (2001).

Defendant acknowledges this holding, but contends that his lawful detention was transformed into an arrest because Mendez moved him into a bathroom and read him his *Miranda* rights before questioning him. Defendant cites no authority in support of these assertions. Nothing in our case law suggests that officers cannot move occupants into a different room where questioning can take place out of earshot of the other occupants and out of the way of the search itself. Nor are we aware of any case suggesting that the reading of *Miranda* rights to a lawfully detained person transforms his detention into an arrest.

The evidence shows that Defendant was handcuffed during the search, as is permitted, and Mendez's questioning of Defendant occurred during the search and did not extend Defendant's detention. There is no conflict in the testimony on these points. Thus, the trial court's failure to make findings is not reversible error "because we can determine the propriety of the ruling on the undisputed facts which the evidence shows." *Lovin*, 339 N.C. at 706, 454 S.E.2d at 235. We conclude that the trial court's denial of Defendant's motion to suppress his statements was proper. Accordingly, we overrule this argument.

.NO ERROR IN PART; AFFIRMED IN PART.

Judges ERVIN and BEASLEY concur.